IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| State of South Carolina, | ) | C/A No.: 1:26-765-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Japheth Ashley Hutchinson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Japheth Ashley Hutchinson ("Defendant"), proceeding *pro se*, filed a notice of removal that purports to remove "Case Number 20252351333250 and 20252351333249" from state court.[1] [ECF No. 1]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. After review of the pleadings, the undersigned finds this case should be remanded because the court lacks subject matter jurisdiction.

---

[1] A search of Defendant on the South Carolina public index for Aiken County reveals these charges were for speeding and driving without a license. *See*, https://publicindex.sccourts.org/Aiken/PublicIndex/CaseDetails.aspx?County=02&CourtAgency=02101&Casenum=20252351333250&CaseType=T&HKey=77494799981178757487210385439755106103901225683101115491155769871137870781177982687610510411579102107 (last visited February 24, 2026).

## I.    Factual Background

Defendant seeks to remove state criminal cases related to traffic violations, allegation removal is proper pursuant to 28 U.S.C. § 1441(b). [ECF No. 1].[2]

## II.    Discussion

### A.    Magistrate Judge's Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) (D.S.C.).  There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court.  However, at least one court in this district has addressed this issue in a published opinion and held that a magistrate judge did not have such authority.  *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts addressing this matter in published opinions have reached a similar result, holding that an order to remand is dispositive.  *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).  In light of

---

[2] In South Carolina, traffic offenses such as speeding and driving without a license are considered criminal misdemeanors. *See* S.C. Code § 56-5-1520(G) (speeding) and S.C. Code § 56-1-440 (driving without a license).

the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case.

B.    Analysis

Federal courts are courts of limited jurisdiction, and a district court must carefully guard to ensure that all cases before it are properly subject to its jurisdiction.  A defendant in state court may remove that case to a federal district court if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441.  The removing defendant, however, has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chemicals. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Where no subject matter jurisdiction is present, a district court may *sua sponte* remand a case to state court. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

Although Plaintiff cites to 28 U.S.C. § 1441(b), this statute, by its own terms applies only to civil actions. The traffic charges Plaintiff seeks to remove are criminal. In the context of criminal prosecutions, this court lacks subject matter jurisdiction, except in certain narrow circumstances permitted by 28 U.S.C. §§ 1442, 1442a, and 1443. *South Carolina v. Guidetti*, No. 6:11-3365-HMH-JDA, 2011 WL 6979991, at *2 (D.S.C.  Dec. 20, 2011), none of which appear to apply here.

## III. Conclusion

Accordingly, it is recommended the district judge remand this matter to state court.

IT IS SO RECOMMENDED.

February 24, 2026                                 Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).